FILED
2020 SEP 21 AM 11:55
CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PLATINUM VENTURE GROUP, a Utah limited liability company,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ANCHOR HEALTH CARE SERVICE, a Texas corporation, and UYOYOU ANNE MEJEIDU, an individual**<br><br>**Defendants.** | **ORDER TO SHOW CAUSE**[1]<br><br>**Case No. 2:20-cv-00127**<br><br>**Magistrate Judge Dustin B. Pead** |

The federal district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C § 1332(a)(1).

On February 25, 2020 Plaintiff Platinum Venture Group LLC ("Platinum Venture") filed a complaint in federal district court asserting jurisdiction under 28 U.S.C. § 1332 and alleging: (1) Plaintiff is a "a Utah limited liability company located in Salt Lake County, State of Utah"; (2) Defendant Anchor Health Care Service ("Anchor Health") is a Texas corporation, located in Collin County, State of Texas; and (3) Defendant Uyoyou Anne Mejeidu ("Ms. Mejeidu") is a resident of Collin County, State of Texas. (ECF No. 2 at 2.)

---

[1] The parties in this case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings in this matter, including entry of final judgment, with appeal to the United States Court of Appeal for the Tenth Circuit. (ECF No. 14); *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

The court must, on its own accord, satisfy itself of its power to adjudicate in "every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998) (citation omitted) As the party invoking federal subject matter jurisdiction, Plaintiff bears the burden of establishing that jurisdiction exists. *Penteco Corp. Ltd. P'ship--- 1985A v. Union Gas Sys., Inc.,* 929 F.3d 1519, 1521 (10th Cir. 1991). In reviewing Plaintiff's complaint, the court identifies three deficiencies in the allegations with respect to jurisdiction.

First, Plaintiff fails to establish complete diversity because it does not provide the names or domiciles of Platinum Venture LLC's members. Unlike corporations, the domicile of an LLC is not governed by the state in which the entity is formed or its principal place of business. Rather, an LLC is domiciled in every state in which its members are domiciled. *See Siloam Springs Hotel L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1237-38 (10th Cir. 2015).

Second, "a corporation shall be deemed to be a citizen of every State. . . by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, Plaintiff does not identify Anchor Health's principal place of business.

Third, "[a]n individual's resident is not equivalent to his [or her] domicile[,] and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel,* 781 F.3d at 1238 (*citing Whitelock v. Leatherman,* 460 F.2d 507, 514 n. 14 (10th Cir. 1972)). As such, "an allegation that a party. . . is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the [court]." *Id* . Here, Plaintiff must provide Ms. Mejeidu's state of domicile or citizenship.

In order to invoke diversity jurisdiction, plaintiff must "show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Black Iron, LLC v. Helm-Pac.,* 2017 U.S. Dist. LEXIS 93163 * 8 (D. Utah 2017). (internal quotation and citation omitted); *see also* 28 U.S.C. § 1332(a). Accordingly, Platinum Venture Group is hereby ORDERED to show cause, no later than September 25, 2020, and properly state the requirements for diversity jurisdiction. A failure to do so will result in dismissal for lack of jurisdiction.

SO ORDERED this 21st day September 2020.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge

3

4