FILED
2020 SEP 28 PM 2:47
CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PLATINUM VENTURE GROUP,** a Utah limited liability company,<br><br>**Plaintiff,**<br><br>v.<br><br>**ANCHOR HEALTH CARE SERVICE,** a Texas corporation, and **UYOYOU ANNE MEJEIDU,** an individual<br><br>**Defendants.** | **RULING & ORDER**<br><br>Case No. 2:20-cv-00127<br><br>**Magistrate Judge Dustin B. Pead** |

## INTRODUCTION[1]

Currently pending before the court is Plaintiff Platinum Venture Group's ("Plaintiff or "Platinum Venture") Motion for Leave to Amend the Complaint ("Motion"). (ECF No. 16.) Plaintiff filed its initial complaint on February 25, 2020 (ECF No. 2) and now seeks amendment to include two new causes of action for Alter Ego (Fifth Count) and Negligence and Gross Negligence (Sixth Count). (ECF No. 16-2.)

Defendants Anchor Health Services ("Anchor Health") and Uyoyou Mejeidu ("Ms. Mejeidu") (collectively "Defendants") argue amendment is futile and the Motion should be

---

[1] The parties in this case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings in this matter, including entry of final judgment, with appeal to the United States Court of Appeal for the Tenth Circuit. (ECF No. 14); *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

denied as to Plaintiff's Sixth Count since, if allowed, the economic loss rule would require dismissal of the negligence and gross negligence claim. (ECF No. 17.)

## STANDARD OF REVIEW

A party may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Consistent with the purpose of providing litigants "the maximum opportunity for each claim to be decided on its merits[,]" a court "should freely give leave [to amend] when justice so requires." *See Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (*citing Zenith Radio Corp. v. Hazeltime Research, Inc.,* 401 U.S. 321, 330, 91 S. Ct. 795 (1971)); *see also* Fed. R. Civ. P. 15(a)(2).

In general, a court may refuse amendment on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment." *Duncan v. Manager, Dep't. of Safety, City & County of Denver,* 397 F. 3d 1300, 1315 (10th Cir. 2005) (quotations and citation omitted). A "proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v Merrill Lynch Pierce Fenner & Smith, Inc.,* 521 F.3d 1278, 1288 (10th Cir. 2008).

## DISCUSSION

The economic loss rule "prevents recovery of economic damages under a theory of tort liability when a contract covers the subject matter of the dispute." *CounselNow, LLC v. Deluxe Small Business Sales Inc.,* 430 F. Supp. 3d 1247, 1259 (D. Utah 2019) (*quoting Reighard v. Yates,* 2012 UT 45 ¶ 14, 285 P.3d 1168, 1174) (internal quotation marks omitted). The purpose

of the rule is to mark a "fundamental boundary between contract law, which protects expectancy interests created through agreement between the parties, and tort law, which protects individuals and their property from physical harm by imposing a duty of reasonable care." *KTM Health Care Inc. v. SG Nursing Home LLC,* 2018 UT App 152, ¶70, 436 P.3d 151, 169 (*citing SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assocs., Inc.,* 2001 UT 54, ¶ 32, 28 P.3d 669).

Here, Defendants contend the economic loss rule applies and bars Plaintiff's Sixth Count because the contract at issue covers the subject matter of the dispute, the damages are monetary, and Plaintiff does not allege the existence of an independent duty. Plaintiff, on the other hand, argues that the federal rules allow for claims to be pleaded in the alternative and challenges the validity of the underlying contract between the parties. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out two or more statements of a claim or defense alternatively or hypothetically, . . . [and i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient); *see also* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency").

In reliance upon principles of judicial "pragmatism and efficiency," the court exercises its discretion and declines to engage in a futility analysis at this juncture. *See Fuller v. REGS, LLC,* 2011 U.S. Dist. LEXIS 38431 at *7 (D. Colo. March 31, 2011); *see also Frank v. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993) (refusing leave based on the "futility of amendment" within the court's discretion). In doing so, however, the court expresses no opinion on application of the economic loss rule to Plaintiff's allegations. Rather, the court simply concludes that, given Plaintiff's arguments, it is more prudent to address the viability of Plaintiff's Sixth Count in the

context of a dispositive motion, as opposed to a motion for amendment under Rule 15. *See Christison v. Biogen Idec Inc.,* 2016 U.S. Dist. LEXIS 82416 *12 (D. Utah 2016) (declining futility analysis at amendment stage because it "seems to place the cart before the horse") (*quoting General Steel Domestic Sales, LLC v. Steelwise,* 2008 U.S. Dist. LEXIS 111978 *11 (D. Colo. June 20, 2008)).

## **ORDER**

Accordingly, the Court GRANTS Plaintiff's Motion to Amend the Complaint. (ECF No. 16.) Consistent therewith, no later than October 2, 2020, Plaintiff shall place a copy of its Amended Complaint on the court docket. Additionally, the amended pleading should incorporate Plaintiff's amended allegations in support of diversity jurisdiction as set forth in its Verified Response to Order to Show Cause. (ECF No. 24.)

SO ORDERED this 28th day September 2020.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge